```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

WESLEY MONGE,

Defendant.

17 Cr. 611-12 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Wesley Monge, a prisoner serving his sentence at FCI Ray Brook ("Ray Brook") moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 674. The Government opposes this relief. Gov't Opp. at 676.

For the reasons stated below, the motion is DENIED.

**BACKGROUND**

On July 18, 2018, Monge pleaded guilty to using a firearm in furtherance of a crime of violence. *See* ECF Nos. 206, 555. The Court stated at sentencing that on one occasion, Monge shot at members of a rival gang, and on another he aided and abetted his fellow gang members in committing a shooting. Sentencing Tr. at 12:1–3, ECF No. 565. No one was hit on either occasion. *See* PSR at 11, 13, ECF No. 305. The Court noted that Monge was 17 at the time of the offense, and that although he did not finish high school and had struggled with drug addiction, he was working towards obtaining his GED in hopes of obtaining it while incarcerated, and was working to get clean. Sentencing Tr. at 12:7–18. Monge was sentenced to 60 months' imprisonment, the mandatory minimum, to be followed by two years of supervised release. ECF No. 555; *see* 18 U.S.C. § 924(c)(1)(A)(i).

Monge is 23 years old. *See* Gov't Opp. at 4. He was diagnosed with chronic asthma in August 2017. *See* BOP Records at 1, Gov't. Ex. 1.[1] Since then, he has twice gone to the hospital emergency room for chest pain caused by his asthma. *See* Med. Records, Def. Ex. A.

Monge submitted a request for the BOP to seek compassionate release on his behalf, which was the warden of Ray Brook denied on May 19, 2020. ECF No. 674-1.

## ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that— . . . in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Monge must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. In this case, the parties do not dispute that Monge has met the

---

[1] The Government filed Monge's BOP medical records under seal. Monge also filed his medical records from before his prison term and his BOP medical records as Exhibits A and B respectively, under seal. The Court finds that Monge's privacy interest in his medical records outweighs the public right of access to judicial documents, and so will permit those filings to remain under seal—though, because both parties' filings discuss the essential facts of those records publicly, the Court will not redact the portion of this order that addresses Monge's medical history. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses. The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government. The medical records themselves remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)); *Wheeler-Whichard v. Doe*, No. 10 Civ. 358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records under seal . . . .").

exhaustion requirement, because he submitted and, on May 19, 2020, the Ray Brook warden denied, a request for compassionate release. ECF No. 674-1; *see* Gov't Opp. at 4.

However, considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court cannot conclude that a reduction in Monge's sentence is warranted.[2]  Monge pleaded guilty to using a firearm in furtherance of a crime of violence, an offense that carries a five-year mandatory minimum sentence. To date, he has served less than 17 months of that sentence, meaning that he has more than 43 months remaining. *See* Def. Mem. at 3.

Several of the § 3553 factors point against shortening the sentence with so much of it remaining. The offense was a violent one, involving the use of a firearm, and was connected to an ongoing, harmful gang war. Given the seriousness of the offense and the harm it caused to the

---

[2] The § 3553(a) factors are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
    (5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.1
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

3

community, a substantial sentence was required to promote respect for the law and provide just punishment.  Granting release so early in the term of incarceration would undercut those interests. *See United States v. Alvarez*, No. S3 11 Cr. 169, 2020 WL 3640523, at *3 (S.D.N.Y. July 6, 2020) ("To so dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law."); *United States v. Santibanez*, No. 13 Cr. 912, 2020 WL 3642166, at *3 (S.D.N.Y. July 6, 2020) ([R]eleasing [the defendant] before he has completed even half of his sentence would not promote respect for the law, and would undermine the deterrent effect of his sentence."); *United States v. Lowe*, No. 14 Cr. 55-01, 2020 WL 3640580, at *2 (S.D.N.Y. July 6, 2020) ("[R]eleasing [d]efendant now would cut his current sentence by one-half and would not appropriately reflect the nature and circumstances of the offense, or the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct or to protect the public from further crimes." (internal quotation marks and citation omitted)).  In addition, in light of the fact that the five-year sentence in this case was required by statute, granting release with more than three years remaining would risk creating a substantial and unwarranted sentencing disparity between Monge and other defendants convicted of the same offense under similar circumstances.

   The Court does not wish to diminish the potential seriousness of Monge's asthma, or the risk he might face should he contract COVID-19.  His young age and the apparently mild nature of his asthma may place him outside of the most acutely vulnerable group, *see* Gov't Opp. at 4, but the novel coronavirus can have devastating effects on even young and healthy individuals.  The Government has an obligation to protect every individual in its custody from the threat COVID-19 presents.  *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been

rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). Nevertheless, the Court may not disregard the § 3553(a) factors in deciding whether to reduce a sentence already imposed.

## CONCLUSION

Accordingly, Monge's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 674 and 676.

SO ORDERED.

Dated: July 9, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge